

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~PXXXXXXXXXXX~~

ATTORNEY GENERAL

AUSTIN, TEXAS

Honorable Paul G. Peurifoy
Assistant District Attorney
Dallas County
Dallas, Texas

Dear Sir:                                    Opinion No. O-2509
                                             Re: Appointment of Grand Jury
                                                 Bailiffs

Your request for opinion upon the following question:

"In counties having a population of more than 355,000 should the grand jury bailiffs be appointed by the criminal district judges or by the district attorney?"

has been received and carefully considered by this department.

Article 367, Code of Criminal Procedure of Texas, 1925, reads as follows:

"The court may appoint one or more bailiffs to attend upon the grand jury, and, at the time of the appointment, the following oath shall be administered to each of them by the court, or under its direction:

"'You solmenly swear that you will faithfully and impartially perform all the duties of bailiff of the grand jury, and that you will keep secret the proceedings of the grand jury, so help you God.'"

Article 367b, Vernon's Texas Annotated Code of Criminal Procedure, reads as follows:

"The District Attorney may appoint one or more bailiffs to attend upon the Grand Jury and at the time of the appointment the Court shall administer to each of them the following oath: 'You solemnly swear that you will faithfully and impartially perform all the duties of bailiff of the Grand Jury, and that you will keep secret the proceedings of the Grand Jury, so help you God.' Said bailiffs shall be paid the sum and in the manner now provided by law."

The above quoted article is Section 6 of Senate Bill No. 78, Regular Session, 40th Legislature of Texas, Chapter

67, p. 93, Acts 1927. We quote from Senate Bill No. 78, supra, as follows:

"....

"Sec.6. The district attorney may appoint one or more bailiffs to attend upon the grand jury and at the time of the appointment the court shall administer to each of them the following oath: 'You solemnly swear that you will faithfully and impartially perform all the duties of bailiff of the grand jury, and that you will keep secret the proceedings of the grand jury, so help you God.' Said bailiffs shall be paid the sum and in the manner now provided by law.

"Sec.7. The provisions of this Act shall apply to every district attorney within the State of Texas, within counties of a population of more than 150,000 inhabitants and having a county attorney, to be determined as above provided, whether the said district attorney be of and for a judicial district called and known by number, or whether called and known as a criminal judicial district, or whether of and for any court called or known as a criminal district court; and whether such district attorney be called and known as a district attorney or a criminal district attorney, or a criminal district attorney of any named county or court.

"Sec. 8. All laws and parts of laws in conflict herewith are hereby repealed, whether referred to herein or not, provided, however, that this Act is not intended and shall not be considered or construed as repealing or affecting Chapter 121, page 315, Acts of the Thirty-fifth Legislature, Regular Session, and Chapter 167 of the Acts of the Regular Session of the Thirty-fifth Legislature of the State of Texas, appearing on page 378 thereof, and provided further that nothing herein is intended to nor shall be considered or construed to repeal or in anywise affect Chapter 21 of the Acts of the 38th Legislature passed at the Third Called Session thereof, but shall be cumulative thereof, and providing further, shall be cumulative of all laws not in conflict with the provisions hereof, nor shall it be construed as repealing any law regarding grand jury bailiffs, except the appointment thereof by the court, which is hereby expressly repealed...." (Underscoring ours)

Thus, we see that the Legislature by said act transferred the power from the district judges to the district attorneys, to appoint grand jury bailiffs in counties having a county attorney where there was a population in excess of one hundred and fifty thousand (150,000) inhabitants. The act was not applicable to counties not having a county attorney. Hence, we see that upon the passage of this Act in 1927, the district judges had the right to appoint grand jury bailiffs in each of the counties of the State in which there was no

county attorney. The district judges then had the right to appoint grand jury bailiffs in all counties in the State having a county attorney where the population of the county was not in excess of one hundred and fifty thousand (150,000).

In 1937, the 45th Legislature of Texas passed an act applicable to the appointment of grand jury bailiffs, Acts 1937, 45th Legislature of Texas, Ch. 166, p. 328, codified as Article 367c, Vernon's Texas Annotated Code of Criminal Procedure, known as Senate Bill No. 454, and reads in part as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. Any county in this State having a population of not less than two hundred and ninety thousand (290,000) inhabitants and not more than three hundred and twenty thousand (320,000) inhabitants according to the United State's Census of 1930 and all future Federal Census, the Judge of the Criminal District Court in such county may appoint grand jury bailiffs not exceeding seven (7) whose compensation shall be Twenty-four Hundred ($2400.00) Dollars per annum, each; said compensation to be payable in twelve (12) equal monthly installments. Bailiffs thus appointed are subject to removal for cause, or without cause, at the will of the Judge of the Criminal District Court.

"Sec. 2. In addition to the salary herein provided for grand jury bailiffs serving the Criminal District Court in such county shall each be allowed the sum of Twenty-five ($25.00) Dollars per month for repair, maintenance, and traveling expenses of an automobile used by each of said grand jury bailiffs while on official business in the investigation of crime and the service of process. Said allowances together with the salary of each of said grand jury bailiffs to be paid monthly by said county out of the Jury Funds of said county.

"Sec. 3. All laws and parts of laws in so far as they conflict with this Act are hereby repealed. ...."

Thus we see that after the passage of this act in all counties having a population of not less than two hundred and ninety thousand (290,000) inhabitants and not more than three hundred and twenty thousand (320,00) inhabitants according to the United State's Census of 1930 and all future Federal Census, the Judge of the Criminal District Court in such county was given the power to appoint grand jury bailiffs. This power applied to counties having county attorneys as well as to counties not having county attorneys.

You are therefore respectfully advised that it is the opinion of this department that:

1. Judges of the district courts have the exclusive

power to appoint grand jury bailiffs in all counties in this State not having a county attorney (with the exception of counties having a population of not less than 290,000 nor more than 320,000, wherein such power is given exclusively to the judges of the criminal district court.)

2. District Attorneys in counties having a county attorney and having a population in excess of 150,000 inhabitants have the power to appoint grand jury bailiffs in said counties with the exception of counties within the population brackets of 290,000 and 320,000 inhabitants.

3. Dallas County has no county attorney, andtherefore the power to appoint grand jury bailiffs is in the court and not in the District Attorney of said county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

APPROVED JULY 12, 1940
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

WJF:AW:jrb

APPROVED OPINION COMMITTEE
BY BWB, Chairman